**John F. BAUSCH, Plaintiff,**

v.

**Richard C. COX, Superintendent, House of Correction, Defendant.**

No. 98–C–1186.

United States District Court, E.D. Wisconsin.

Dec. 28, 1998.

John Francis Bausch, Milwaukee, WI, plaintiff pro se.

DECISION and ORDER

MYRON L. GORDON, District Judge.

John Bausch is presently incarcerated at the Milwaukee County House of Correction ["MCHOC"]. He commenced this civil rights complaint under 42 U.S.C. § 1983 on December 3, 1998, against Superintendent Richard Cox. Along with his complaint, Mr. Bausch filed a petition for leave to proceed in forma

pauperis pursuant to 28 U.S.C. § 1915, and an amended complaint on December 16, 1998.

Under 28 U.S.C. § 1915(b)(1), enacted on April 26, 1996, the plaintiff, because of his status as a prisoner, is required to pay the statutory filing fee of $150.00 for this action. If a prisoner does not have the money to pay the filing fee, he can request leave to proceed in forma pauperis. To proceed with an action in forma pauperis, the prisoner must complete a petition and affidavit and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of 20% of (1) the average monthly balance in the prisoner's trust account statement for the six-month period immediately preceding the filing of the complaint or (2) the average monthly deposits to the prisoner's trust account statement for the six-month period immediately preceding the filing of the complaint, whichever is greater.

The obligation to pay the full amount of the $150.00 filing fee remains even if the prisoner's case is dismissed under 28 U.S.C. § 1915(e)(2)(B). *See* 28 U.S.C. § 1915(b)(1). However, the rules state that a prisoner shall not be "prohibited from bringing a civil action ... for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4).

The file in this case reveals that the MCHOC did not provide Mr. Bausch or the court with a certified copy of Mr. Bausch's prison trust account statement because he had no money when he arrived at the MCHOC on October 6, 1998, and has not received any money since that date. Mr. Bausch's affidavit of indigence confirms that he has no assets or source of income. It is clear that Mr. Bausch "has no means by which to pay the initial partial filing fee." *See* 28 U.S.C. § 1915(b)(4). Thus, the requirement that Mr. Bausch pay an initial partial filing fee will be waived.

Notwithstanding the waiver of the initial filing fee, MCHOC will be directed to collect from the plaintiff's prison trust account the $150 filing fee by collecting monthly payments from the plaintiff's prison trust account and forwarding payments to the clerk of court each time that the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

Although I have determined that the initial filing fee shall be waived in this case, Mr. Bausch's pleadings are subject to an initial screening under 28 U.S.C. § 1915A pursuant to which "the court shall dismiss the case" if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2). In addition, dismissal is warranted under 42 U.S.C. § 1997e(a) where a prisoner fails to exhaust his administrative remedies prior to filing an action under § 1983.

In his pleadings, Mr. Bausch alleges that the defendant has violated his constitutional rights by maintaining an inadequate law library at the MCHOC. Mr. Bausch contends that the law library at the MCHOC is constitutionally deficient in the following respects: (1) the reporters containing Wisconsin and federal case law are incomplete; (2) the library is "too small to accomodate [sic] the required law books and Shepard's citations and key digest's (West's) Baily's book of motions and any other Federally mandated law materials"; and (3) the library has no typewriter space. The plaintiff maintains that, because of these inadequacies, he will be unable to file appellate briefs "when the time comes for [him] to" do so in his two consolidated cases which are pending before the Wisconsin court of appeals—98–2555 and 98–2556. Mr. Bausch does not inform this court of the nature of his consolidated actions.

█ It is well established that prisoners have a constitutional right under the First Amendment to meaningful access to the courts. *Lewis v. Casey,* 518 U.S. 343, 350, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Bounds v. Smith,* 430 U.S. 817, 828, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). As a result, prison authorities are obliged to "assist in-

mates in the preparation and filing of meaningful legal papers." *Alston v. DeBruyn,* 13 F.3d 1036, 1041 (7th Cir.1994). This constitutional duty may be satisfied by providing inmates either with access to adequate law libraries or adequate assistance from "trained legal personnel." *Id.*

■ The United States Supreme Court has said that prisoners do not have unrestricted rights to law libraries, materials and legal assistance but are entitled to "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Lewis,* 116 S.Ct. at 2180 (quoting *Bounds,* 430 U.S. at 825, 97 S.Ct. 1491). Indeed, *Bounds* does not guarantee inmates the wherewithal to file any and every type of legal claim, but requires only that they be provided with the tools to challenge their sentences, directly or collaterally, and to challenge the conditions of their confinement. *Lewis,* 116 S.Ct. at 2181–2182. In order to show that an inadequate legal research facility constitutionally deprived an inmate access to the court, that inmate must demonstrate an actual injury. *Id.* at 2179. The inmate is required to show that the alleged inadequacies of the legal research facility has hindered, or is presently hindering, his efforts to pursue a nonfrivolous claim. *Id.* at 2180–2181.

■ Absent from Mr. Bausch's pleadings is any allegation of actual injury as required by the Supreme Court in *Lewis.* Mr. Bausch does not identify the nature of the actions he is pursuing in state court. Moreover, his allegation that the deficiencies in the law library will affect his cases if he is required to submit any briefs in those cases is speculative and does not establish that his state law claims *have been* hindered or are *presently being* hindered. Because the plaintiff has not alleged sufficient facts from which one could reasonably infer that his access to the courts had been impeded, his complaint fails to state a claim upon which relief can be granted. Accordingly, his application for leave to proceed in forma pauperis will be denied, and his action will be dismissed, without prejudice. The dismissal of the plaintiff's instant action constitutes a strike under 28 U.S.C. § 1915(g).

Therefore, IT IS ORDERED that the requirement that Mr. Bausch submit an initial partial filing fee under 28 U.S.C. § 1915(b)(1) be and hereby is waived.

IT IS ALSO ORDERED that the plaintiff's petition for leave to proceed in forma pauperis be and hereby is denied.

IT IS FURTHER ORDERED that this action be and hereby is dismissed, without prejudice, for failure to state a claim under 28 U.S.C. § 1915A(b)(1).

IT IS FURTHER ORDERED that the dismissal of the instant action be and hereby is a strike under 28 U.S.C. § 1915(g).

IT IS FURTHER ORDERED that the MCHOC shall collect from the plaintiff's prison trust account the $150 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account and forwarding payments to the clerk of court each time that the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.